IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No 09-cv-02732-PAB-MJW

DARREN MCDANIEL,
Plaintiff,

vs.

OHIO NATIONAL LIFE INSURANCE COMPANY,
Defendant.

---

**STIPULATION AND PROTECTIVE ORDER** ( Docket No. 10-2 )

---

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1.  In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing: confidential personal information, business, or proprietary information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party as a part of its disclosures, in response to a discovery request, or as transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless the person to receive the information has been informed that it is the subject of this Protective Order.

5.  Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless such disclosure is in response to a court order, in response to a valid subpoena, as a part of normal internal reporting, or in response to a properly executed authorization.

6.  No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

7.  If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order, *and consistent with D.C.COLOLCivR 7.2* Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

8.  In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.

9.  Upon termination of this litigation, including any appeals, each Party may retain Confidential Information that was provided as a part of this litigation. However, the termination of this action shall not relieve counsel or other persons obligated hereunder from their

responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until Termination of this case.

10. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

11. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 18th day of February, 2010.

BY THE COURT:

_/s/ Michael J. Watanabe_

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

4

STIPULATED AND AGREED TO:

*s/ Kenneth J. Shakeshaft*

Kenneth J. Shakeshaft, Esq.
Shakeshaft Law Firm
1530 South Tejon Street
Colorado Springs, CO 80905
*Counsel for Plaintiff Darren McDaniel*

*s/ Tory D. Riter*

Tory D. Riter, Esq.
Baldwin Morgan & Rider, PC
1512 Larimer Street, Suite 450
Denver, CO 80202
*Counsel for Defendant Ohio National Life Insurance Company*