IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02732-PAB-MJW

DARREN MCDANIEL,

Plaintiff,

v.

OHIO NATIONAL LIFE INSURANCE COMPANY,

Defendant.

---

**ORDER REGARDING
DEFENDANT'S MOTION TO COMPEL EXAMINATIONS PURSUANT TO
FED. R. CIV. P. 35 (DOCKET NO. 16)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion to Compel Examination Pursuant to Fed. R. Civ. P. 35 (docket no. 16). The court has reviewed the subject motion (docket no.16) and the response (docket no. 18) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I find that I have jurisdiction over the subject matter and over the parties to this lawsuit and that venue is proper in the state and District of Colorado. I also find that each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 16).

In Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964), the Supreme Court ruled that Rule 35 requires "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." The burden of demonstrating good cause rests with the moving party. See Doe v. District of Columbia, 229 F.R.D. 24, 26 (D.D.C. 2005). The requirement of good cause is not a formality; the court must genuinely balance the need for the information with the right to privacy and safety of the party. Schlagenahuf, 379 U. S. at 117-18. Rule 35 states that the examination may be conducted by any suitable licensed or certified examiner or examiners. Merritt v. Stolt Offshore, Inc., 2004 WL 224578, *1 (E.D. La Feb. 3, 2004). Psychiatric examinations are allowable if a person's mental condition is at issue. See Roberson v. Bair, 242 F.R.D. 130, 137-38 (D.D.C. 2007) (emotional distress claim places the plaintiff's condition at issue). The examination may be conducted by a psychiatrist or psychologist. Lastly, the court has discretion to determine who may be present at the examination. Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320, 323-24 (N.D. Ga 2000); Ali v. Wang Labs., Inc., 162 F.R.D. 165, 168 (M.D. Fla. 1995).

This is a disability insurance case. Plaintiff alleges in his Complaint that as a result of a fall on October 25, 2007, he sustained "severe injuries, including but not limited to traumatic brain injury, right skull base fracture, frontal and temporal hemorrhagic contusions, subdural hematoma and concussion." See Ex. A, Compl., ¶ 3. Plaintiff further alleges that because of such injuries he "is disabled and is unable to return to work in his prior occupation or in any other gainful occupation to which he may have had access prior to his disability by training, education or experience." See Ex. A,

Compl., ¶ 7.  Plaintiff seeks compensatory damages including past and "ongoing disability benefits," non-economic damages for emotional distress, exemplary damages, pre-judgment interest, costs, and attorney's fees.  See Ex. A, Compl., ¶¶ 19, 23, & 28.  Plaintiff further alleges that he has been, and continues to be, "disabled" under the insurance policies issued by Defendant.  See Ex. A, Compl., ¶¶ 5, 6 & 7.  Moreover, Plaintiff has identified Dr. David Hopkins, a neuropsychologist, Dr Kenneth Allred, a psychologist, Dr. Arsalan Darmal, a psychiatrist, Dr. Steven Murk, a neurosurgeon, and Dr. Jack Rook, a physiatrist, as persons likely to have discoverable information and who may support Plaintiff's claims.  See Ex. B, Pl.'s Rule Rule26(a)(1) disclosures.

Defendant has demonstrated, in the subject motion (docket no. 16), good cause and a strong showing for two IME examinations in the areas of neuropsychology and forensic psychiatry.  Dr. Greg Thwaites, Ph.D, a Clinical Neuropsychologist, is qualified to conduct a neuropsychological IME examination, and Dr. Jonathan Olin, M.D., a Forensic Psychiatrist, is qualified to conduct a psychiatric IME examination. See Ex. D, CV of Dr. Thwaites, and Ex. E, CV of Dr. Olin.  Defendant has further demonstrated that Plaintiff has placed **"in controversy"** whether Plaintiff suffers from severe emotional distress and cognitive impairments to the extent that he is disabled and unable to return to work in his prior occupation or in any other gainful occupation to which he may have had access prior to his alleged disability by training, education, or experience.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion to Compel Examination Pursuant to Fed. R. Civ. P. 35 (docket no. 16) is **GRANTED**;

2. That Plaintiff shall appear before Dr. Greg Thwaites, Ph.D, a Clinical Neuropsychologist, for a neuropsychological IME examination. Such examination shall be limited to a total of ten (10) hours. Plaintiff's counsel and/or any representative from Plaintiff may not be present during this examination;

3. That Plaintiff shall appear before Dr. Jonathan Olin, M.D., a Forensic Psychiatrist, for a forensic psychiatric IME examination. Such examination shall be limited to three (3) hours. Plaintiff's counsel and/or any representative from Plaintiff may not be present during this examination;

4. That the parties shall meet and confer within ten (10) days from the date of this Order and clear a date, time, and location for Plaintiff to undergo the above two IME examinations as listed in paragraphs 2 and 3 above; and,

5. That each party shall pay their own attorney fees and costs for this motion.

Done this 2nd day of April 2010.

                                        BY THE COURT

                                        s/ Michael J. Watanabe
                                        MICHAEL J. WATANABE
                                        U.S. MAGISTRATE JUDGE