IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02732-PAB-MJW

DARREN MCDANIEL,

Plaintiff,

v.

OHIO NATIONAL LIFE INSURANCE COMPANY,

Defendant.

---

**ORDER REGARDING
DEFENDANT OHIO NATIONAL LIFE INSURANCE COMPANY'S  MOTION TO
COMPEL RESPONSES TO WRITTEN DISCOVERY
(DOCKET NO. 36)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Defendant Ohio National Life Insurance

Company's Motion to Compel Responses to Written Discovery (docket no. 36).  The

court has reviewed the subject motion (docket no. 36), the response (docket no. 44),

and the reply (docket no. 50).  In addition, the court has taken judicial notice of the

court's file and has considered applicable Federal Rules of Civil Procedure and case

law.  The court now being fully informed makes the following findings of fact,

conclusions of law, and order.

### FINDING OF FACT AND CONCLUSIONS OF LAW

The court finds:

      1.     That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.  That venue is proper in the state and District of Colorado;

3.  That each party has been given a fair and adequate opportunity to be heard;

4.  That this is a disability insurance case.  Plaintiff alleges in his Complaint that as a result of a fall on October 25, 2007, he sustained "severe injuries, including but not limited to traumatic brain injury, right skull base fracture, frontal and temporal hemorrhagic contusions, subdural hematoma and concussion." See Ex. A, Compl., ¶ 3.  Plaintiff further alleges that because of such injuries he "is disabled and is unable to return to work in his prior occupation or in any other gainful occupation to which he may have had access prior to his disability by training, education or experience."  See Ex. A, Compl., ¶ 7.   Plaintiff seeks compensatory damages including past and "ongoing disability benefits," non-economic damages for emotional distress, exemplary damages, pre-judgment interest, costs, and attorney's fees.  See Ex. A, Compl., ¶¶ 19, 23, & 28.  Plaintiff further alleges that he has been, and continues to be, "disabled" under the insurance policies issued by Defendant.  See Ex. A, Compl., ¶¶ 5, 6 & 7.  Moreover, Plaintiff has identified Dr. David Hopkins, a neuropsychologist, Dr Kenneth Allred, a psychologist, Dr. Arsalan Darmal, a psychiatrist, Dr. Steven Murk, a neurosurgeon, and Dr. Jack Rook, a physiatrist, as

persons likely to have discoverable information and who may support Plaintiff's claims.  See Ex. B, Pl.'s Rule Rule26(a)(1) disclosures.  Plaintiff has admitted, since the October 25, 2007 accident, that he exercises, plays golf, hockey, and tennis, ice skates, skis, and swims.  See Exhibit G., Plaintiff's Response to Defendant's Third Set of Written Discovery, p.2, Interrogatory No. 3);

5.     That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed

discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

6.    That the scope and focus of this discovery dispute in Defendant Ohio National Life Insurance Company's (hereinafter "Defendant") Motion to Compel Responses to Written Discovery (docket no. 36) centers around the demise of Plaintiff's employment with, and the operations of, Coast IRB, LL ("Coast"), the entity where Plaintiff was CEO at the time of his October 25, 2007, accident. Defendant is seeking an Order from this court to compel Plaintiff to provide information in answer to the following discovery requests:

a.    ***Coast IRB Information***

1.    Please identify by name, address and contact person every client you believe ceased doing business with Coast because of the March 2008 warning letter issued by the FDA (**Exhibit A, Plaintiff's Responses to First Set of Written Discovery, p. 3, Interrogatory No. 5);**

2.    Please identify by name, address and contact person

every client you believe ceased doing business with Coast because of the April 2009 "sting" conducted by the FDA of Coast. **(Exhibit A, Plaintiff's Responses to First Set of Written Discovery, p. 3, Interrogatory No. 6);**

3.  Please describe all efforts by you to sell Coast either before or after you claim you became disabled. Please include but do not limit your response to identifying the entity by name, address, and contact person that either you solicited or which approached Coast, describe any offers to purchase or offers to sell that were made, and provide your understanding as to why such sale did not occur. **(Exhibit A, Plaintiff's Responses to First Set of Written Discovery, p. 4, Interrogatory No. 7);**

4.  Please produce all written communications, whether by letter, fax, memo, or e-mail which you or Coast has had with the FDA since January 1, 2007 relating to any investigation, warnings, potential sanctions, or actual sanctions by the FDA against Coast. **(Exhibit B, Plaintiff's Responses to First Set of Written Discovery, p. 2 Requests for Production No. 2);**

5.      Please produce all internal communications, minutes or memoranda generated by you, Coast or Coast's representatives regarding any FDA investigation, warnings, potential sanctions or actual sanctions since January 1, 2007.  **(Exhibit B, First Set of Written Discovery, pp.  2-3, Requests for Production No. 3);**

6.      Please produce all advertising materials supplied by Coast to customers and potential customers since January 1, 2005.  **(Exhibit B, Plaintiff's Responses to First Set of Written Discovery, p. 3, Requests for Production No. 4);**

7.      Please produce the financial audit that you referred to in your February 28, 2008 memo. . . .  (**Exhibit B, Plaintiff's Responses to First Set of Written Discovery, p. 4**, **Requests for Production No. 6);**

8.      Please produce all Coast minutes and e-mails referred to in the FDA's warning letter dated March 11, 2008. . . . **(Exhibit B, Plaintiff's Responses to First Set of Written Discovery, p. 3, Requests for Production No. 7);**

9.      Please produce complete copies of Coast's 2007 and

2008 federal tax returns. **(Exhibit B, Plaintiff's Responses to First Set of Written Discovery, p. 11, Requests for Production No. 17);**

b. *Plaintiff's Co-Workers and Colleagues*

1. Please provide the name, address and telephone number of your secretaries at Coast form January 1, 2007, until it ceased operations. **(Exhibit A, Plaintiff's Responses to First Set of Written Discovery, p. 4, Interrogatory No. 9);**

2. Please provide the name, address and telephone number for any and all officers or directors of Coast for 2007 until its operations ceased. **(Exhibit A, Plaintiff's Responses to First Set of Written Discovery, p. 4, Interrogatory No. 8);**

c. *Recreational Facility Records*

1. Please sign the attached authorization for production of documents relating to sporting or recreational activities at facilities identified in response to Interrogatory 3 above. **(Exhibit F, Plaintiff's Responses to Third Set of Written Discovery, p. 2, Request for Production No. 3.);**

d. *Travel and Credit Card Information*

1.  Please describe in detail each trip you have taken away from your primary residence for more than one day since October 25, 2007. In responding, please include but do limit your response to providing the dates of such trip, the destination and the purpose of the trip. **(Exhibit G, Plaintiff's Responses to Third Set of Written Discovery to Plaintiff, p. 1, Interrogatory No. 1);**

2.  Please produce complete copies of all documents related to each frequent flier account, whether a personal or business account to which your travel was credited from October 25, 2005 until the present. **(Exhibit F, Plaintiff's Responses to Third Set of Written Discovery to Plaintiff, p. 1, Request for Production No. 1);**

3.  Please state the name, address, and account number of any company with which you have held a credit card account for either personal or business use, from October 25, 2002 and the name on the account. **(Exhibit G, Plaintiff's Responses to Third Set of Written Discovery to Plaintiff, p. 1, Request for Production No. 2);**

4.      Please produce complete copies of all credit card

statements, whether for your personal or business

use, to which expenses were charged from October

25, 2002 until the present.  **(Exhibit F, Plaintiff's**

**Responses to Third Set of Written Discovery to**

**Plaintiff, p. 1, Request for Production No. 2.);** and

7.      That as to **Coast IRB Information**, paragraphs 6(a)(1) through

6(a)(9), inclusive, above, I find the information being sought in such

discovery requests is **irrelevant** and is not calculated to lead to the

discovery of admissible evidence at trial.

That as to **Plaintiff's Co-Workers and Colleagues** paragraph 6(b)

above; **Recreational Facility Records**, paragraph 6(c) above, and

**Travel and Credit Card Information**, paragraph 6(d) above, I find

that the information in such discovery requests is calculated to lead

to the discovery of admissible evidence at trial and is **relevant** to

Plaintiff's job duties and responsibilities, including but not limited to,

frequent travel as CEO of Coast as outlined in Exhibit H, Plaintiff's

Disability Income Claim, p. 6, before and after the October 25,

2007, the accident while Plaintiff was at Coast and is also relevant

on whether Plaintiff has the physical and mental capabilities to

carry out such job duties and responsibilities following his October

25, 2007, accident.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1.     That Defendant Ohio National Life Insurance Company's Motion to Compel Responses to Written Discovery (docket no. 36) is **GRANTED IN PART AND DENIED IN PART**;

2.     That the subject motion (docket no. 36) is **GRANTED** as follows:

   a.     Plaintiff shall provide to Defendant full and complete responses to **Plaintiff's Co-Workers and Colleagues**, paragraph 6(b) above; **Recreational Facility Records,** paragraph 6(c) above; and **Travel and Credit Card Information**, paragraph 6(d) above, on or before October 15, 2010;

   b.     That Plaintiff shall provide to Defendant the address and telephone number to executive assistant Michelle Spangler on or before October 15, 2010;

   c.     That since Plaintiff has already previously provided Defendant with a list of sporting and recreational facilities, Plaintiff shall provide to Defendant on or before October 15, 2010, a written release for each sport and recreational facility from Plaintiff's list that was previously provided to

Defendant.  That any expectation of privacy claimed by any facility can be raised by such facility once it is served with the written authorization through motion;

3.      That the remainder of the subject motion (docket no. 36) is **DENIED**; and

4.      That each party shall pay their own attorney fees and costs for the subject motion (docket no. 36) finding that under the facts and circumstances of this case, an award of expenses would be unjust.

Done this 21st day of September 2010.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE