IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No.  09-cv-02732-PAB-MJW

DARREN MCDANIEL,

Plaintiff(s),

v.

OHIO NATIONAL LIFE INSURANCE COMPANY,

Defendant(s).

---

**ORDER REGARDING**
**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS AND INTERROGATORIES  (DOCKET NO. 51)**

---

**Entered by Magistrate Judge Michael J. Watanabe**


This matter is before the court on Plaintiff's Motion to Compel Responses to

Plaintiff's Requests for Production of Documents and Interrogatories (docket no. 51).

The court has reviewed the subject motion (docket no. 51) and the response (docket no.

63).  In addition, the court has taken judicial notice of the court's file and has considered

applicable Federal Rules of Civil Procedure and case law.  The court now being fully

informed makes the following findings of fact, conclusions of law, and order.

In the subject motion, Plaintiff seeks the following relief:

> 1. An order compelling Defendant to provide to Plaintiff documents
>
>    from Defendant's Privilege Log labeled Ohio 0255; 1121-1122;
>
>    1123-1134; 1270-1277; 1272-1277; 1923-1939; 2102-2104; 2092;
>
>    2091; 2089; and 2085;

2.     An order directing Defendant to provide to Plaintiff full and complete

responses to Plaintiff's Interrogatories Nos. 2 and 3 and Request

for Production of Documents No. 6 regarding surveillance;

3.     An order directing Defendant to provide to Plaintiff full and complete

responses to Plaintiff's Interrogatory No. 10 regarding prior bad faith

actions, prior lawsuits and claims; and,

4.     An order directing Defendant to provide to Plaintiff full and complete

responses to Plaintiff Requests for Production of Document Nos. 8

and 9 regarding personnel information.

Defendant argues that Plaintiff has failed to meet his burden under Echostar

Communications Corp. v. News Corp. Ltd., 180 F.R.D. 391, 394 (D. Colo. 1998) and that

all of the above requested discovery is properly withheld because such information is :

(a) irrelevant and is not calculated to lead to the discovery of admissible evidence

pursuant to Fed. R. Civ. Pl. 26(b)(1); (b) confidential and protected by either attorney

work product or the attorney-client  privilege; and/or (c) overboard and/or unduly

burdensome.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.     That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.     That venue is proper in the state and District of Colorado;

3.     That each party has been given a fair and adequate opportunity to

be heard on the subject motion (docket no. 51);

4.     That district courts have "broad discretion over the control of

discovery . . . ."  <u>Gaines v. Ski Apache</u>, 8 F.3d 726, 730 (10th Cir.

1993).  "A party seeking discovery may move for an order

compelling an answer, designation, production, or inspection."  Fed.

R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure,

answer, or response must be treated as a failure to disclose,

answer, or respond."  Fed. R. Civ. P. 37(a)(4);

5.     That jurisdiction in this action is based on diversity of citizenship.

See Complaint.  Consequently, state law supplies the rule of

decision on attorney-client privilege issues.  <u>Frontier Refining, Inc. v.

Gorman-Rupp Co.</u>, 136 F.3d 695, 699 (10th Cir. 1998).  By contrast,

the work product immunity [doctrine] is governed, even in diversity

cases, by the uniform federal standard embodied in Fed. R. Civ. P.

26(b)(3);

6.     That "the attorney-client privilege is not an absolute privilege and

may be waived by the client.  Any waiver must be demonstrated by

evidence that the client, by words or conduct, has expressly or

impliedly forsaken his or her claim of confidentiality with respect to

the information in question and, thus, has consented to its

disclosure."  <u>People v. Sickich</u>, 935 P.2d 70, 73 (Colo. App. 1996).

7.     That in <u>Mountain States Tel. & Tel. Co. v. DiFede</u>, 780 P.2d 533

(Colo. 1989), the Colorado Supreme Court recognized the "in issue"

exception to the attorney-client privilege;

8.    That the Colorado Supreme Court has adopted a three-prong test to determine whether there has been an implied waiver of the attorney-client privilege by putting a matter in issue.  See id. at 543-44.  The Colorado Supreme Court stated that "[I]mplied waiver of a privilege is appropriate where the following factors are present: (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense;"

9.    That the burden of proving waiver of the attorney-client privilege is on the party seeking to overcome the privilege, in this case Plaintiff Darren McDaniel.  People v. Madera, 112 P.3d 688, 690 (Colo. 2005), People v. Sickich, 935 P.2d at 73;

10.    That I have applied the DiFede three-prong test and find no implied waiver by Defendant;

11.    That as to production of documents labeled Ohio 0255; 1121-1122; 1123-1134; 1270-1277 and 1272-1277 these documents relate to surveillance of Plaintiff conducted by Defendant and are protected by work product.  Since the Defendant has not yet deposed Plaintiff I find that Plaintiff, at this point in the litigation, has failed to demonstrate a substantial compelling need as articulated by former

U.S. Magistrate Judge Coan in <u>Martino v. Baker</u>, 179 F.R.D. 588, 590 (D. Colo. 1998) for these documents;

12. That as to production of document labeled Ohio 2102-2104, this document is protected by the attorney-client privilege and is irrelevant. See <u>Ledbetter v. Wal-Mart Stores, Inc.</u>, 2008 WL 76111, *2 (D. Colo. 2008)(in-house document prepared for legal department protected by attorney-client privilege). Moreover, there is no evidence of any waiver of the attorney-client privilege by Defendant;

13. That as to production of documents labeled Ohio 2085, 2089, 2091 and 2092, these documents are irrelevant and are not reasonable calculated to lead to the discovery of admissible evidence under Fed. R. Civ. Pl. 26(b)(1);

14. That as to production of document labeled Ohio 1923-1939, this document is work product and therefore protected;

15. That as to interrogatories nos. 2 and 3 and request for production no. 6, the requested information concerning surveillance in these interrogatories nos 2 and 3 and request for production of no. are protected by work product. See <u>Martino</u>, supra;

16. That as to interrogatory 10 which requests information on all lawsuits against Defendant in every jurisdiction in the United States since October 25, 2005 to the present, I find this interrogatory is overboard and unduly burdensome and outweighs any benefit that such information may provide;

17.    That as to request for production no. 8 which requests copies of forms utilized by Defendant in personnel evaluations, I find this information irrelevant and is not calculated to lead to the discovery of admissible evidence Fed. R. Civ. Pl. 26(b)(1);

18.    That as to request for production no. 9 which requests personnel evaluations of Defendant's employees involved in Plaintiff's claim from October 25, 2005 to the present that such information needs be reviewed by this court, *in camera*, before this court can rule on this portion of the subject motion.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1.    That Plaintiff's Motion to Compel Responses to Plaintiff's Requests for Production of Documents and Interrogatories (docket no. 51) is **DENIED** in all respects **except** as to request for production no. 9 which this court will **RESERVE RULING** on until after this court has had an opportunity to review, *in camera*, those documents covered under request for production no. 9;

2.    That Defendant shall file with the court **under seal**, those documents responsive to request for production no. 9**, on or before October 29, 2010** and such documents shall be filed consistent with all requirements of D.C.COLO.LCivR 7.2; and,

3. That each party shall pay their own attorney fees and costs for this

motion.

  Done this 14th day of October 2010.

     BY THE COURT

     <u>s/ Michael J. Watanabe</u>
     MICHAEL J. WATANABE
     U.S. MAGISTRATE JUDGE